# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| RICKY JOE USREY,<br><br>Plaintiff,<br><br>vs.<br><br>DENISE DEYOTT, MIKE FERRITER, MONTANA STATE PRISON MAILROOM STAFF,<br><br>Defendants. | Cause No. CV 12-00092-H-DLC-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Plaintiff Ricky Usrey alleges Denise Deyott, Mike Ferriter, and the Montana State Prison mailroom staff violated his rights under the First and Fourteenth Amendments to the United States Constitution by destroying his mail. C.D. 2. Mr. Ursey's allegations state a claim for relief as to Defendant Deyott and she will be required to file a response. The Complaint fails to state a claim as to the "mailroom staff" because it does not allege specific wrongdoing by those

1

Defendants. The "mailroom staff" should be dismissed without prejudice. Mr. Ursey may amend the Complaint to allege specific wrongful conduct by individually named defendants.

The Complaint fails to state a claim against Defendant Mike Ferriter and he should be dismissed.

## JURISDICTION

Mr. Usrey filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint states a claim under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Usrey is a prisoner. C.D. 2. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b).

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

Because a portion of Mr. Usrey's Complaint is recommended for dismissal, he may want to amend the Complaint. Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect. . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

Mr. Usrey indicates he has claims arising under the First Amendment of the United States Constitution, and also references what, liberally construed, may be an allegation of violations of the Due Process clause of the 14th Amendment. The Complaint is construed to allege violations of both provisions.

#### 1. First Amendment

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). "The decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396, 417 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989). Prison regulations or practices affecting a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate

penological interests." Thornburgh, 490 U.S. at 409, 109 S.Ct. 1874 (quoting Turner, 482 U.S. at 89).

### 2. Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits persons acting under color of state law from depriving prisoners of their property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property by someone acting under color of state law is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Similarly, unauthorized intentional deprivations of property by a state employee do not "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is

5

available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

## V. FACTS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded. According to the factually supported allegations in the Complaint:

On six separate occasions between April 28, 2012 and September 5, 2012, Mr. Usrey did not receive cards which had been sent to him. Security Major Woods told Mr. Usrey he should have received the cards. Mr. Usrey also alleges "they" lost a $10.00 postal money order. Mr. Usrey did not receive an undeliverable mail notification or a due process hearing on any of these occasions.

## ANALYSIS

### A. Due Process

Mr. Usrey alleges an unauthorized intentional deprivation of his mail by prison mailroom staff. Thus, any due process claims fail if there are adequate postdeprivation remedies for the loss. The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, et seq., provides an adequate post-deprivation remedy. Because the post-deprivation remedy rule applies, and because the Montana Tort Claims Act provides an adequate state post-deprivation remedy, Mr. Usrey cannot state a

6

claim for a deprivation of property under the Due Process Clause of the United States Constitution.

**B. First Amendment**

Mr. Usrey has not alleged that prison regulations governing incoming mail were unconstitutional, but instead alleges defendants deliberately destroyed his mail. Isolated incidents of mail disruption are not sufficient to state a First Amendment claim. However, an allegation that mail was repeatedly and intentionally not delivered to an inmate, absent any security-related or other legitimate justification, states a claim under the First Amendment. Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987).

Mr. Usrey alleges Defendant Denise Deyott knew that Montana State Prison mailroom staff were destroying his personal mail. Mr. Usrey alleges that Ms. Deyott, as mailroom supervisor, failed to remedy the situation. The allegations state a First Amendment claim against Ms. Deyott.

Mr. Usrey alleges Defendant Mike Ferriter knew Mr. Usrey's mail was being destroyed because he denied Mr. Usrey's grievance process. Attached to the Complaint is Mr. Ferriter's September 13, 2012 denial of Mr. Usrey's grievance

appeal.[1]  Thus, Mr. Ferriter did not become aware of Mr. Usrey's issues until after the last alleged incident of mail tampering and just twelve days before Mr. Usrey filed his Complaint.

"[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011).  But a defendant cannot be held liable under § 1983 just because they supervise other employees.  Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978).  Instead, supervising officers can be held liable "only if they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  Mr. Usrey does not allege that Mr. Ferriter was made aware of the alleged constitutional violations until after they had occurred.  Therefore, he could not have played an affirmative part in those violations.  Mr. Ferriter will be recommended for dismissal.

Mr. Ursey also names the entire mailroom staff of Montana State Prison as Defendants.  C.D. 2.  Mr. Usrey does not identify these defendants individually and fails allege specific conduct by any such individuals.  His Complaint, therefore,

---

[1] Gumataotao v. Director of Dept. of Revenue and Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001)(Court may consider attached materials submitted as part of complaint).

fails to state a claim as to the "mailroom staff." The unnamed defendants must be recommended for dismissal without prejudice. 28 U.S.C. § 1915(e)(2). It may be possible to cure this defect by identifying individual defendants and alleging specific wrongful conduct by those individuals. Therefore, Mr. Usrey is entitled to an opportunity to amend his Complaint. <u>Lucas</u>, 66 F.3d at 248. Once a responsive pleading is filed by Ms. Deyott, the Court will issue a Scheduling Order setting forth a deadline to amend pleadings. Mr. Usrey may amend his Complaint prior to that deadline.

## CONCLUSION

Defendants Ferriter and the mailroom staff should be dismissed. Mr. Usrey's due process claim against Ms. Deyott should also be dismissed. Mr. Usrey's First Amendment claim against Ms. Deyott will be served upon Ms. Deyott. She must file a responsive pleading.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendant Deyott is requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Ms. Deyott chooses to return the Waiver of Service of Summons, the answer or

appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* Complaint C.D. 2;
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate

of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Usrey <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Usrey SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Mr. Usrey's due process claims and Defendants Ferriter and the mailroom staff should be dismissed.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Usrey may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Usrey files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Usrey from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made but the judge is not required to consider new evidence. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10 day of December, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Denise Deyott. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-12-92-H-DLC-RKS. The Court has completed its pre-screening and concludes this Defendant must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                                   /s/ Keith Strong
                                                   Keith Strong
                                                   United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

     The following Defendant acknowledges receipt of your request to waive service of summons in the following action: <u>Usrey v. Deyott, et al.</u>, Civil Action No. CV-12-92-H-DLC-RKS filed in the United States District Court for the District of Montana. Defendants also received a copy of the Amended Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____                 _____
DATE                                      SIGNATURE

                                                    _____
                                                    PRINTED/TYPED NAME

                                                    _____

                                                    _____
                                                    ADDRESS