# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| RICKY JOE USREY, <br><br> Plaintiff, <br><br> vs. <br><br> DENISE DEYOTT and MIKE FERRITER, <br><br> Defendants. | Cause No. CV 12-00092-H-DLC-RKS <br><br> ORDER |

Plaintiff Ricky Usrey moved to compel compliance with his discovery requests. CD 62. Mr. Usrey's is untimely and does not comply with Rule 37 of the Federal Rules of Civil Procedure, Local Rule 7.1(c)(1), and Local Rule 26.3(c).[1] Mr. Usrey's motion is denied with prejudice.

Mr. Usrey has filed a string of motions that lack a basis in law, fail to comply with the rules, or both. His status as a pro se litigant does not excuse him from the rules. He is expected to fully comply with the letter and spirit of the rule before filing additional motions.

---

[1] Mr. Usrey was provided a copy of these rules with the Court's February 12, 2013 Scheduling Order. CD 13.

1

Rule 37 of the Federal Rules of Civil Procedure requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 7.1(c)(1) requires that "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion." Local Rule 26.3(c)(1) provides,

> The Court will deny any discovery motion unless counsel have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voice-mail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting, in a telephone conversation, or in detailed, comprehensive correspondence.

Mr. Usrey does indicate that Defendants' counsel informed him that Defendants "object to any motion that Plaintiff Usrey files in this case, including this motion." CD 62, p. 3. To the extent Mr. Usrey is relying on a general representation from Defendants' counsel, that is insufficient for purposes of these rules. Especially with a discovery motion, there is a specific requirement to discuss with opposing counsel about all disputed issues. Mr. Usrey must confer with Defendants' counsel about the two specific issues raised in his motion and must certify to the Court that he has done so.

There are additional problems with the motion. First, Mr. Usrey failed to

2

comply with Local Rule 26.3(c)(2) which provides:

> (2) All motions to compel or limit discovery must:
>     (A)   set forth the basis for the motion;
>     (B)   certify that the parties complied with subsection (c)(1) or a description of the moving party's attempts to comply; and
> (C) and attach, as an exhibit:
>     (i)   the full text of the discovery sought; and
>     (ii)   the full text of the response.

While Mr. Usrey gave a general description of his discovery requests, he did not attach the full text of those requests or the full text of the discovery responses. This is required under the rules.

Lastly, the February 12, 2013 Scheduling Order required all discovery motions to be filed on or before August 12, 2013. CD 13. Therefore, Mr. Usrey's motion is untimely. If Mr. Usrey could not file his discovery motions within the Court's deadline, he may – after scrupulously complying with every applicable rule – move for leave to file a late motion.

It is **ORDERED**:

1. Mr. Usrey's Motion to Compel (CD 62) is denied with prejudice.

2. At all times during the pendency of this action, Mr. Usrey SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF

ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 20th day of September, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge