IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICKY JOE USREY,<br><br>Plaintiff,<br><br>vs.<br><br>DENISE DEYOTT, and MIKE FERRITER,<br><br>Defendants. | CV 12-00092-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## Synopsis

Ricky Joe Usrey alleges Denise Deyott and Mike Ferriter violated his rights under the First Amendment to the United States Constitution by destroying his mail. Defendants have filed a Motion for Summary Judgment. (Doc. 46.) The Motion should be granted. Defendants have shown there is no genuine issue of material fact with respect to delivery of Mr. Usrey's mail. Mr. Usrey provided no admissible evidence to rebut that showing.

In light of this recommendation, Mr. Usrey's "Request for Case Status" (Doc. 71) is moot.

## Jurisdiction

Mr. Usrey filed suit in federal court, in the Helena Division of the District of

Montana. (Doc. 2). Venue is proper, as Mr. Usrey was incarcerated in and the alleged wrongs were committed in Powell County, Montana. Local Rule 3.2(b)(3). Mr. Usrey alleges violations of the First Amendment of the United States Constitution which invokes federal question jurisdiction. 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The case is assigned to the Hon. Dana Christensen, Chief United States District Judge, and referred to the undersigned. (Doc. 19); Local Rule 72.2(a)(1).

**Status**

Mr. Usrey filed a Complaint on September 25, 2012. (Doc. 2.) After the review required by 28 U.S.C. §§ 1915, 1915A, Mr. Usrey's due process claims and the mailroom staff defendants were dismissed. (Doc. 18.) The Complaint was ordered served upon Defendant Deyott on December 12, 2012 (Doc. 7). Ms. Deyott filed an Answer on February 8, 2013. (Doc. 12.) The Complaint was ordered served on Defendant Ferriter on March 21, 2013 (Doc. 18). Mr. Ferriter filed an Answer on May 24, 2013. (Doc. 25.) After the discovery period, Defendants filed a Motion for Summary Judgment on August 12, 2013. (Doc. 46.) A Notice and Warning to pro se prisoners was filed August 13, 2013. (Doc. 51.) Mr. Usrey filed a response to the motion on August 30, 2013. (Doc. 56.)

## Standards

### Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Once the moving party has made a prima facie showing that it is entitled to summary judgment, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989)(internal quotations omitted). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

### First Amendment

Prisoners have protected First Amendment interests in both sending and

receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). "The decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989). Prison regulations or practices affecting a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests." *Thornburgh*, 490 U.S. at 409 (*quoting Turner*, 482 U.S. at 89).

## Undisputed Facts

Mr. Usrey, all times relevant to this case, was incarcerated at Montana State Prison. (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 1.) At all times relevant to this case, Denise Deyott was mailroom supervisor at Montana State Prison, and Mike Ferriter was Director of the Department of Corrections. (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 2.) The prison mailroom receives between 2,500 and 3,500 pieces of inmate mail every day. The safe and secure operation of the prison mail system is dependent on controlling the incoming and outgoing mail in an efficient and systematic fashion. (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 4.)

Mr. Usrey filed a grievance on June 7, 2012, claiming that he had not

received two cards and had not received any notice that the cards were undeliverable due to prison regulations. Defendant Deyott responded that mailroom staff do not log mail, and that, as long as the mail arrives with his name and prisoner number, and otherwise meets policy guidelines, it is delivered to his unit. (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 14; June 7, 2012 Grievance, Doc. 2-1 at 11.)

Mr. Usrey sent a second grievance on August 26, 2012, to Security Major Wood, who was in charge of the mailroom at the time. Mr. Usrey explained that he had received two letters, dated August 7 and August 22, with no cards in the envelopes. Major Wood referred this grievance to Defendant Deyott, who responded to Mr. Usrey: "We are not throwing away any of your mail. Also, we do not log mail. It is sent to your unit the day it arrives here. Please check w/your unit magt. teams." (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 15; August 26, 2012 Grievance, Doc. 2-1 at 12.)

On August 29, 2012, Mr. Usrey appealed the matter to Defendant Ferriter. Defendant Ferriter reviewed the available documents and found that there was a significant effort to determine the status of the lost cards, but that these efforts did not produce any results that would support the grievance. Defendant Ferriter denied the appeal. (Defendants' Statement of Undisputed Facts, Doc. 47-9, ¶ 17.)

## Arguments

### Defendants' Motion for Summary Judgment

Defendants argue that Mr. Usrey cannot sustain his burden of proof because he produced no admissable evidence that the mail he alleges was destroyed ever existed or that Director Ferriter was aware of the alleged wrongful conduct.

### Mr. Usrey's Arguments

Mr. Usrey alleges that his mail was stolen and destroyed six times and Defendants lost a ten dollar money order. (Complaint, Doc. 2 at 6.) Attached to the Complaint are photocopies of the front of four envelopes addressed to Mr. Usrey from Clarice Adkins in Billings, Montana. The envelopes have postmarks dated April 28, 2012, May 26, 2012, June 7, 2012, August 7, 2012, August 22, 2012, and September 5, 2012. (Complaint attachments, Doc. 2-1 at 1-4.) Mr. Usrey also attached to his Complaint two letters. The first letter is dated May 26, 2012 and is signed by "Mom." This letter asks Mr. Usrey, "Can't I send cards to perk you up? Did you get the $10 from J. my letter." (Complaint attachments, Doc. 2-1 at 5-7.) The other letter is dated August 19, 2012 and is signed by "Mom Peaches Post" and states in part, "No I never got my cards back nor any $ sorry don't know what to say don't raise cain K." (Complaint attachments, Doc. 2-1 at 8-9.)

Mr. Usrey contends there is a genuine dispute as to whether Ms. Deyott knew that her mailroom staff were throwing away his cards and deliberately acquiesced to that destruction. He contends she knew about this because he filed grievances about this matter. (Usrey's Statement of Disputed Issues, Doc. 57 at 2.)

Mr. Usrey alleges that Mike Ferriter knew that on more than one occasion, Mr. Usrey had greeting card envelopes delivered to him with letters and no cards. He argued in his Objections to the Court's December 10, 2012 Findings and Recommendations that he sent a personal letter to Director Ferriter each time a piece of his mail was lost or destroyed. Mr. Usrey indicated in his letters to Director Ferriter that his mail was being tampered with/destroyed, who tampered with his mail, what they did, and when they did it. He requested Director Ferriter's help to informally resolve the issue. None of his letters were answered. (Objections to Findings and Recommendations, Doc. 16 at 3.)[1] Based upon these letters, Mr. Usrey argues that Director Ferriter was aware that Ms. Deyott knew

---

[1] Mr. Usrey did not present copies of these letters as evidence. The only admissible evidence regarding this contention is James Ball's affidavit in which he states that he and Mr. Usrey started writing to Director Ferriter after Mr. Usrey's second grievance to Ms. Deyott. (Ball Affidavit, Doc. 56-3 at 2-3.) Mr. Usrey's second grievance is dated August 26, 2012. (Doc. 2-1 at 12.) The only alleged incident of lost/stolen mail after August 26, 2012 was on September 5, 2012.

7

that her mailroom staff was throwing away his cards and deliberately acquiesced in that destruction and that Mr. Ferriter did nothing to correct or stop the same. (Usrey's Statement of Disputed Issues, Doc. 57 at 3.)

Mr. Usrey states he has two witnesses who purchased and mailed the cards and sent the money to him but he has been unable to obtain affidavits from these witnesses. (Usrey's Statement of Disputed Issues, Doc. 57 at 5-6.)

**Analysis**

Defendants' motions should be granted and this case dismissed because Mr. Usrey failed to establish a genuine issue of material fact regarding his claim that mail was destroyed or undelivered. Defendants submitted affidavits, based on personal knowledge, to establish that they were not aware of any practice of destroying or stealing Mr. Usrey's mail. Defendants' evidence showed there is no issue of material fact and they are entitled to summary judgment. The burden then shifted to Mr. Usrey to come forward with "more than a mere scintilla" of evidence to establish a genuine dispute of material fact.

Mr. Usrey presented envelopes for six pieces of mail, but no admissible evidence to support his claim that the envelopes ever contained the cards that he alleges were destroyed or stolen. Mr. Usrey attached two letters to his Complaint, bu those letters (which are inadmissible hearsay) do not state that cards were

8

enclosed in the envelopes. Mr. Usrey has also submitted affidavits from himself and his cellmate, but those affidavits do not include testimony based on personal knowledge that the cards were ever in the envelopes.

Mr. Usrey argues that the motion for summary judgment is premature and he had not had sufficient time to review the discovery from Defendants, but it is not a lack of discovery from Defendants that creates the lapse of proof in this case. It is the failure of Mr. Usrey to obtain testimony from his own witnesses. This matter was filed in September 2012. Defendants' motion for summary judgment was not filed until August 12, 2013. Mr. Usrey had almost a full year to obtain affidavits or statements from his witnesses, yet he failed to do so. He indicated that he was still trying to obtain affidavits, but none have been presented. Mr. Usrey did testify that in August 2013 counsel for Defendants sent an individual to talk to Mr. Usrey and she mentioned that she was going to visit Mr. Usrey's witnesses in Billings. However, his suggestion that his witnesses were intimidated by counsel for Defendants (Usrey Affidavit, Doc. 56-2 at 2-3) is conclusory at best. There is no basis to deny Defendants' motion or continue this matter any further pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

**Conclusion**

Mr. Usrey having presented no admissible evidence to show that his mail

9

was destroyed or stolen, Defendants' Motion for Summary Judgment should be granted and this matter should be dismissed with prejudice.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*,

745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Usrey has presented no admissible evidence to create a genuine issue of material fact regarding whether his mail was destroyed. Therefore, the finding that Defendants' Motion for Summary Judgment should be granted is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Usrey shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED** that**:**

1. Defendants' Motion for Summary Judgment (Doc. 46) be GRANTED;

2. This matter be dismissed with prejudice and the Clerk of Court directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

3. The Clerk of Court be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable

person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of January, 2014.

                                           */s/ Keith Strong*
                                           Keith Strong
                                           United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.