IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICKY JOE USREY,<br><br>Plaintiff,<br><br>vs.<br><br>DENISE DEYOTT and MIKE FERRITER,<br><br>Defendants. | CV 12-92-H-DLC-RKS<br><br>ORDER |

United States Magistrate Judge Keith Strong issued Findings and Recommendations granting Defendants Denise Deyott's and Mike Ferriter's Motion for Summary Judgment on January 24, 2014. (Doc. 72.) Usrey timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court has a "duty to construe pro se pleadings liberally, especially when filed by prisoners." *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (citations omitted). Because new evidence in the form of affidavits was submitted by Plaintiff with his objections to the findings

and recommendations, the recommendations must be rejected and Defendants' motion will be denied subject to renewal. Because the parties are familiar with the factual and procedural background of this case, it will be repeated only as necessary to provide context.

Usrey's Complaint alleges violations of his right to receive mail pursuant to the First and Fourteenth Amendments to the United States Constitution. In particular, Usrey alleges Defendants improperly confiscated and destroyed a number of personal greeting cards, as well as a ten dollar money order. Usrey's due process claims and the mailroom staff defendants were dismissed on March 21, 2013. Defendants Deyott and Ferriter filed Answers on February 8, 2013 and May 24, 2013 respectively. Following discovery, Defendants filed their Motion for Summary Judgment on August 12, 2013. Usrey filed his response to the motion on August 30, 2013.

In support of his response, Usrey filed a personal affidavit and an affidavit of his prison cellmate, James Ball. In his own affidavit, Usrey referenced some purported difficulty in obtaining affidavits of other intended witnesses; otherwise, both Usrey's and Ball's affidavits were largely conclusory. In part because the affidavits did not include testimony based on personal knowledge, and in part because Usrey failed to provide further witness testimony, Judge Strong

recommended granting Defendants' Motion for Summary Judgment on January 24, 2014.

Usrey filed objections to Judge Strong's findings and recommendations on February 5, 2014. Usrey's primary objection centers on his allegation that Defendant Deyott and other prison mailroom staff, in addition to destroying the greeting cards and money order in question, also failed to mail his affidavits in support of his response to Defendants' Motion for Summary Judgment to the Court in August 2013. Usrey now includes with his objections three affidavits, which include some information that was not available to Judge Strong.

The three affidavits contain testimony of Usrey, Ball, and fellow inmate Tony Evans. Usrey's affidavit alleges that in mid-December 2012, two prison officers, Relief Sgt. Johnson and Unit Manager Michele Steyh, told him they had spoken to Defendant Deyott and Deyott claimed to have destroyed the cards and money order at issue. (Doc. 73-2 at 5). Evans's affidavit alleges he heard this conversation between the officers and Usrey, and that the officers did indeed state Deyott destroyed the items. (Doc. 73-2 at 2-3.) Ball's affidavit alleges not only that he overheard the December 2012 conversation referenced by Usrey and Evans, but that he also personally "heard and saw Denise Deyott say the following: Inmate Usrey, that retard sued me, well he can wine [sic] all he wants

3

about his cards and money order, as I personally, with the help of my staff, destroyed them, and I do what I want, and there isn't anything anyone can do about it." (Doc. 73-2 at 11-12.) Notably, neither the affidavits Usrey *did* submit alongside his response to Defendants' Motion for Summary Judgment, nor the response arguments themselves, mentioned these alleged incidents, despite being filed over eight months after the incidents supposedly occurred.

The Court will first consider whether the affidavits Usrey submitted with his objections can be taken into account in reviewing Judge Strong's findings and recommendations. It is within the discretion of the court whether to entertain evidence first offered by a party alongside its objections to a magistrate judge's findings and recommendations, but the court "must actually exercise its discretion" and may not dismiss the evidence out of hand. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). However, under "certain circumstances a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a pro se [litigant]. . . in objecting to a magistrate judge's" findings and recommendations. *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013). In particular, where a "a pro se plaintiff, ignorant of the law, offer[s] crucial facts as soon as he underst[ands] what [is] necessary to prevent summary judgment against him," failure to consider such objection-stage evidence constitutes an abuse of

discretion. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). Usrey clearly understands the nature of the evidence he must provide to defeat Defendants' Motion for Summary Judgment, and his newly submitted affidavits do contain facts material to his allegations.

Where a litigant's affidavit contradicts his prior deposition testimony, a court may properly disregard the affidavit as it pertains to a pending motion for summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). The so-called "sham affidavit rule" prevents a party from creating a fact issue by simply declaring facts contrary to those previously declared. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citations omitted). The rule "should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Id.* (citations omitted). Employment of the rule requires that a district court "make a factual determination that the contradiction is a sham, and the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Id.* (citations omitted).

A "district court may find a declaration to be a sham when it contains facts

that the affiant previously testified he could not remember," or where "a deponent's memory could [not] credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." *Id.* at 1080-1081. However, "newly-remembered facts, or new facts, accompanied by a reasonable explanation, should not ordinarily lead to the striking of a declaration as a sham." *Id.* at 1081; *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-807 (1999) ("a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity").

Though Usrey's and Ball's objection-stage affidavits contain previously undisclosed factual statements, questionable by virtue of their timing and remarkably salient content, this Court will not disregard either declaration as a "sham" at this time. Neither Usrey nor Ball directly contradict their own previous statements. While neither witness explains how his memory could have been so clearly refreshed in the months between Usrey's response to Defendants' Motion for Summary Judgment and his instant objections, Usrey does claim that Defendants are the reason this information was not disclosed sooner. This Court will neither credit one version of events over another nor make determinations as

to the credibility of any witness at this time.

Having determined the three affidavits submitted with Usrey's objections can be considered in reviewing Judge Strong's findings and recommendations, the Court turns to whether the information contained in those affidavits satisfies Rule 56 of the Federal Rules of Civil Procedure. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) ("[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment").

At summary judgment, the Court may consider hearsay evidence contained in an affidavit only if that evidence may be presented in an admissible form at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. For example, where one portion of a hearsay-within-hearsay statement is admissible as a statement of a party opponent under Rule 801(d)(2)(A), but the second portion of the statement is inadmissible, the entire hearsay-within-hearsay statement is consequently inadmissible. *See Glaze v. Byrd*, 721 F.3d 528, 532-533 (8th Cir.

2013) (Rule 805 precluded § 1983 plaintiff's cellmate from testifying about a conversation with prison guard in which prison guard recounted lieutenant's statement).

This Court will consider neither Usrey's nor Evans's instant affidavits in its review of Judge Strong's findings and recommendations, but will consider Ball's affidavit. Both Usrey and Evans claim to have overheard prison officials relaying an alleged statement of Defendant Deyott. These constitute hearsay-within-hearsay statements where the overlying hearsay testimony, i.e. what Usrey and Evans overheard, is inadmissible. Ball's testimony is of a different character however – he claims to have personally overheard Defendant Deyott make the statements contained in his affidavit. His testimony is admissible under Rule 801(d)(2)(A), and will be considered in reviewing the findings and recommendations.

Rule 56(a) provides for summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On summary

judgment, this Court must view the evidence presented in the light most favorable to the non-moving party. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The Court should not weigh the evidence or attempt to determine truths, but should instead determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

The credibility of Ball's affidavit aside, its contents present an issue of fact which precludes summary judgment in this case at this time. The issue is genuine insofar as it represents Ball's personal knowledge of Defendant Deyott's purported statements and it could possibly form the basis for a reasonable fact finder to find in favor of Usrey on his claims that Deyott tampered with his mail. The issue is material for similar reasons – proof at trial that Defendant Deyott admitted to destroying the items in question could affect the outcome of Usrey's case.

As the information contained in Usrey's affidavits has only recently come to light, Defendants are entitled to conduct additional discovery in order to respond to it. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Defendants will be given sixty days to conduct additional discovery into the issues raised by Ball's affidavit. If Defendants wish to renew their motion for summary judgment following this additional discovery period, the

motion must be filed within ninety days of the issuance of this order, and Plaintiff's response shall comply with Local Rule 7. If no such motion is filed, defense counsel shall assume responsibility for convening a conference of all parties to prepare a Proposed Final Pretrial Order, which shall be filed within ninety days of the issuance of this order. The Court will then set a final pretrial conference and trial date.

Finally, for the benefit of the parties, the Court notes that this case may be appropriate for consideration by a settlement master. The parties may file a joint motion for a settlement conference if both parties agree that such a course of action would be appropriate in this case.

There being no additional objections and no clear error in the remainder of Judge Strong's findings and recommendations,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (Doc. 72) are REJECTED. Defendants' Motion for Summary Judgment (Doc. 46) is DENIED, subject to renewal.

IT IS FURTHER ORDERED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that Defendants shall have sixty (60) days from the issuance of this order to conduct additional discovery in this case. A motion for summary judgment or Proposed Final Pretrial Order shall be filed within ninety (90) days of

the issuance of this order.

Dated this 3rd day of March, 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court