IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED

MAY 15 2014

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| RICKY JOE USREY, | CV 12-00092-H-DLC-RKS |
| Plaintiff, | |
| vs. | ORDER |
| DENISE DEYOTT and MIKE FERRITER, | |
| Defendants. | |

Plaintiff Ricky Usrey has filed a "Notice to Court: Request for Excusable Neglect Clause" (Doc. 75) and "Notice and Declaration of Plaintiff, Notice to Appoint New ADA-AID." (Doc. 76.) To the extent these documents can be construed as motions, they are denied.

## I. REQUEST FOR EXCUSABLE NEGLECT CLAUSE

It is unclear what Mr. Usrey seeks in his Request for Excusable Neglect Clause. He indicates that documents were due on May 1, 2014 and asks the Court to "grant him the 'Excusable neglect' clause in this matter and allow all documents to be filed in this cause of action." (Doc. 75 at 2.) The only current court ordered deadline in this case is the June 2, 2014 deadline for the filing of a motion for summary judgment or a proposed final pretrial order. (March 3, 3014 Order, Doc.

1

74 at 10.) To the extent Mr. Usrey is seeking an extension of a deadline for responding to Defendants' discovery requests, that is an issue which must be addressed with Defendants.

As there are no pending Court deadlines for the Court to "excuse," Mr. Usrey's Request for Excusable Neglect Clause will be denied as moot.

## II. NOTICE TO APPOINT NEW ADA-AID

Mr. Usrey's Notice to Appoint New ADA-Aid raises several issues. First, Mr. Usrey discusses his current placement in the prison and that since he has been moved to a different housing location, Mr. James Ball is not longer his appointed aid. Mr. Usrey asks to the Court to appoint Mr. Jeffrey Lout as his aid. The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *Turner v. Safley*, 482 U.S. 78, 84–86, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations). The Court will not interfere in this aspect of prison administration.

In the alternative, Mr. Usrey requests the appointment of counsel based upon his illiteracy. No one, including incarcerated prisoners, has a constitutional

right to be represented by appointed counsel when they bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C. § 1915 allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis, but only under "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Usrey has demonstrated he is able to articulate his position with the help of prison aids. He has not demonstrated exceptional circumstances that would empower a court to request counsel to represent him in this action.

Secondly, Mr. Usrey believes that counsel for Defendants is still attempting to work out a settlement agreement with Mr. Ball even though Mr. Ball is no longer Mr. Usrey's aid. He asks that the Court to order counsel for Defendants to

3

stop speaking with his witnesses outside his presence and that settlement not be discussed outside his presence.

No settlement will be accepted by this Court without Mr. Usrey's consent and signature, therefore, it is unnecessary to prohibit settlement discussions outside of Mr. Usrey's presence. Any such discussions will have not impact on this case. Further, nothing in the rules of procedure prohibit Defendants' counsel from speaking to witnesses outside of Mr Usrey's presence.

Lastly, Mr. Usrey complains that counsel for Defendants failed to notify the Court that he postponed Mr. Usrey's deposition. The parties do not need to and should not notify the Court regarding discovery proceedings such as the scheduling of depositions. Local Rule 26.2 prohibits the filings of notice of depositions and other discovery documents. L.R. 26.2(a). The Court will not become involved in discovery issues unless and until the parties have conferred in attempt to resolve the issue without Court intervention. L.R. 26.3(c)(1)

IT IS ORDERED that Mr. Usrey's Request for Excusable Neglect (Doc. 75) and Request to Appoint New ADA aid (Doc. 76) are denied.

DATED this 15th day of May, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court